JANVIER, Judge.
There were several different motor vehicles involved in the accident from which this suit results and the facts were most unusual. However, they may be rather simply stated.
Frans L. Stappers, one of the plaintiffs, was the owner of a Chrysler sedan which was properly parked along the curb on the lower side of Tulane Avenue in New Orleans. Just back of his car was a station wagon owned by a party not involved in this suit, and just back of the station wagon was a Ford Thunderbird Sports car which was parked along the curb. This Thunderbird was owned by Miss Gayle Wolf and had been parked by Frederick E. West, who was the fiance of Miss Wolf and to whom she has since been married. In front of the Chrysler car of plaintiff, Stappers, were several other cars, all parked along the curb.
During the early afternoon of August 17, 1959, while all of the cars were so parked, a motor trolley electric bus of New Orleans Public Service, Inc., was proceeding out Tulane Avenue on its regular route and, in its course, would have passed alongside the Thunderbird and all of the other cars already referred to. There was considerable other motor traffic on both sides of Tulane Avenue, especially going in the same direction in which the trolley bus was going. As the bus was about to pass alongside the Thunderbird, or just as its front had already passed most of the Thunderbird, the left front door of that car came *511 into contact with either the front or the side of the bus, with the result that the operator of the bus lost control of it. It swerved to its right and into the rear of the station wagon which was in front of the Thunderbird and immediately behind the Chrysler car of Stappers. This station wagon was knocked directly into the rear of the Stap-pers car, causing considerable damage to that car.
Several other cars in the parked line were also damaged, but we are concerned only with the damage which was sustained by the Chrysler car of Stappers. He had secured from Service Fire Insurance Company of New York a policy of collision insurance under which that company had agreed that in the event the said Chrysler car should be damaged in collision, it, the insurer, would pay all but $50 of the cost of the repairs. Accordingly, the repairs were made; Stappers paid $50 of that cost, and the Insurance Company paid the remainder.
The Travelers Insurance Company had issued a policy of public liability and property damage covering the Ford Thunderbird owned by Miss Gayle Wolf.
Stappers and the said Service Fire Insurance Company of New York brought this suit against the New Orleans Public Service Company, Inc., the Travelers Insurance Company, Frederick E. West, Gayle Wolf and her father, Russell Wolf, seeking to recover the cost of the said repairs.
The plaintiffs alleged that the accident had been caused by the joint negligence of West, who was in charge of the Thunderbird of Miss Wolf, and of the operator of the bus of New Orleans Public Service, Inc. It is charged that West was negligent in opening the door of the Thunderbird on the left side when traffic was approaching, and that the operator of the bus was negligent in not noticing that the door was open and in not avoiding it.
It was stipulated that should there be judgment in favor of plaintiffs, it should be in the sum of $50 in favor of Stappers and in favor of Service Fire Insurance Company of New York in the sum of $335.-82. There was judgment in favor of Stap-pers and also in favor of Service Fire Insurance Company for the amounts stipulated, the judgment, however, running only against the Travelers Insurance Company and dismissing the suit as against New Orleans Public Service, Inc.
The Travelers Insurance Company has appealed devolutively and suspensively, and the plaintiffs have appealed from the judgment insofar as it dismisses the suit against the New Orleans Public Service, Inc.
There is only one question involved and that is one of fact — whether the door of the Thunderbird had been open before the bus reached the point at which that car was parked, or whether just as the bus was about to pass the said Thunderbird its door was thrown open when there was no longer time for the operator of the bus to either stop or to swerve.
If the door of the Thunderbird was suddenly thrown open, West was obviously at fault for this is a very dangerous maneuver and is prohibited by Section 3S-120 of Ordinance 828 M.C.S., Code of the City of New Orleans, 1956, as amended by Ordinance No. 1434 M.C.S., which reads as follows:
“No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, nor shall any person leave a door of a motor vehicle open on the side available to moving traffic for a period of time longer than necessary to load or unload passengers. No person shall load or unload merchandise or freight from that side of a motor vehicle available to moving traffic until it is reasonably safe to do so.”
The record leaves no doubt at all that alongside the bus there was other traffic which prevented its being swerved to its left and that, accordingly, if the door was *512 swung open just as the bus reached that point, the operator of the bus could do nothing to avoid the accident.
West says that he had obtained certain clothing from a cleaning establishment and had placed this clothing on the rear seat of the Thunderbird; that he was standing with the door partially open, propped to this extent against the calves of his legs, and that since it was only partially open, it was negligence oil the part of the bus operator to drive the bus so close alongside the Thunderbird.
The record and the photographs of the bus and of the Thunderbird convince us that the door was opened just after the front of the bus reached it. While there was some damage to the front of the bus, this was two or three feet from the right corner of the bus and was obviously sustained when the bus, out of control, crashed into the station wagon which was ahead of the Thunderbird. There is other slight damage evident on the side of the bus shown by scratches which commenced just about at the wheel of the bus and extend a few feet toward the rear. This makes it very evident that the door was not open as the bus reached it, but was thrown open as it was passing. Whether West was standing as he says he was with the door slightly open, or whether he was inside the car and inadvertently threw the door open, we are unable to determine, but we are certain that he was either standing, as he says he was, and suddenly pushed the door fully open, or was inside the car and opened it inadvertently. As the bus approached, the door was either closed or was not sufficiently open for the bus operator to notice it, and there was no opportunity for him to do more than he did, that is, to apply his brakes and to attempt to avoid striking the station wagon ahead of the Thunderbird. Unfortunately, the door of the Thunderbird seems to have struck the right front wheel of the bus and this caused the steering wheel of the bus to fly from the grasp of the operator with the unfortunate result. There was no fault on the part of the bus operator. The fault lay entirely with West who was in charge of the Thunderbird.
Accordingly, the judgment appealed from is affirmed at the cost of appellant, the Travelers Insurance Company.
Affirmed.